UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRANDON MOCKBEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00207-JPH-DLP |
| | ) | |
| KATHY ALVOY, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITIONER'S MOTION TO PROVIDE DISCOVERY
FOR DISCIPLINARY HEARING**

On June 17, 2020, as a part of this habeas proceeding pursuant to 28 U.S.C. § 2254, Mr. Mockbee filed a motion to provide discovery for disciplinary hearing under Federal Rule of Civil Procedure 26(b), dkt. [10].

The Court reminds Mr. Mockbee of the steps that occur after a habeas petition is filed. The respondent will file a response to Mr. Mockbee's petition, in the form of a return to the Court's Order to Show Cause, which will include all pertinent documents and evidence. Then, Mr. Mockbee will have a chance to address that evidence and make his arguments in his reply, to be filed "twenty-eight (28) days after service of such answer or return to order to show cause on him[.]" Dkt. 3 at 1.

"Discovery in habeas corpus actions is extremely limited." *Glascoe v. Bezy*, 421 F.3d 543, 549 (7th Cir. 2005). Rule 6(a) of the Rules Governing § 2254 Cases allows habeas corpus petitioners to conduct civil discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See also Bracy v. Bramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). In order to be entitled to

1

discovery, a petitioner must make specific factual allegations that demonstrate that there is good reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *Id.* at 908-09.

At this stage, there is no need to supplement the record through discovery. The respondent has a responsibility to expand the record when it files its return. Much of what Mr. Mockbee is requesting in his discovery motion is likely to be produced by the respondent in its response. Until the respondent files its return, the Court cannot determine whether the petitioner will need additional discovery.

If Mr. Mockbee files a motion for discovery after the respondent files its return, his discovery requests must be focused on the due process issues relevant to this habeas petition. The Court reminds Mr. Mockbee that these limited due process requirements are as follows: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

For these reasons, Mr. Mockbee's discovery motion at docket [10] is **denied.**

**SO ORDERED.**

Date: 6/30/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

BRANDON MOCKBEE
262691
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov