UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON MOCKBEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00207-JPH-DLP |
| ) | |
| KATHY ALVOY, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING MOTION TO DISMISS
AND DIRECTING FURTHER PROCEEDINGS**

On April 20, 2020, Mr. Mockbee filed his petition for a writ of habeas corpus challenging his prison disciplinary conviction in BTC 20-01-0219. Dkt. 1. Mr. Mockbee was found guilty on January 30, 2020 of violating Indiana Department of Correction ("IDOC") Adult Disciplinary code B-252 for interfering with staff. Dkt. 12-1. His sanctions included deprivation of 30 days' earned credit time, a one-step credit class demotion, and imposition of a suspended sanction from another disciplinary matter. *Id.*

On July 13, 2020, the respondent filed a motion to dismiss, dkt. [12], on the grounds that Mr. Mockbee failed to exhaust his administrative remedies. Mr. Mockbee filed his response in opposition on September 18, 2020. Dkt. 19. The respondent did not file a reply. For the reasons set forth below, the respondent's motion is **denied**.

**I. Legal Standard**

A district court may not grant a state prisoner's petition for a writ of habeas corpus "unless it appears that" the petitioner "has exhausted the remedies available in" the state courts. 28 U.S.C. § 2254(b)(1). When the petitioner "has not exhausted a claim and complete exhaustion is no longer

1

available, the claim is procedurally defaulted," and the district court may not grant habeas relief based on it. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019).[1]

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

## II. IDOC Disciplinary Code for Adult Offenders

The IDOC Disciplinary Code for Adult Offenders 02-04-101 outlines the process for an inmate to appeal a disciplinary disposition. *See* https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf. There are two levels to this process. At the first level, "an offender who desires to appeal a disciplinary disposition shall complete State Form 39587, 'disciplinary hearing appeal,' within fifteen (15) calendar days from the date of the disciplinary hearing or receipt of the report of disciplinary hearing." *Id*. at 53. This first-level appeal must state the "specific reasons such a review is requested" and shall be made to the Warden or designee of the facility (sometimes called the "Facility Head"), where the hearing was held. *Id.* If an offender's sanctions involved a grievous loss and the offender is dissatisfied with the response to his first level appeal, he may file a second-level appeal to the Appeal Review Officer (sometimes called the "Final Reviewing Authority") "within fifteen (15) days from the date of receipt of the Warden or designee's appeal response." *Id.* at 54. The second-level appeal shall be completed on State Form 39587 and "may be based only

---

[1] *See also Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) ("A petitioner is generally required to exhaust all of his available administrative remedies before seeking a writ of habeas corpus in federal court. If the petitioner fails to do so and the opportunity to raise that claim in state administrative proceedings has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition.") (internal citations omitted); *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) ("That procedural default means . . . that state remedies were not exhausted, and precludes consideration of this theory under § 2254 . . . .").

upon the same concerns in the first level appeal," as "[c]oncerns that deviate from the first level appeal may not be considered." *Id.*

### III. Discussion

The respondent argues that Mr. Mockbee "failed to complete the second part of the administrative appeals process and has, therefore, failed to exhaust his administrative remedies." Dkt. 12 at 2. Thus, respondent states that Mr. Mockbee is foreclosed from seeking habeas relief because the issues have been procedurally defaulted. *Id.* In support of the respondent's motion, Anna Levitt, IDOC Senior Attorney of Operations, attests that Mr. Mockbee filed a first-level appeal that was denied on February 11, 2020, but the Offender Information System ("OIS") printout for BTC 20-01-0219 shows that he did not file a second-level appeal. *See* dkt. 12-3 at 1–5.

In his response in opposition, Mr. Mockbee states that after his first-level appeal was denied by the Warden on February 11, 2020, he provided his second-level appeal to IDOC staff member Michelle Woodland to mail to "302 W. Washington St. I.D.O.C. Indianapolis, In, 46204." Dkt. 19 at 2. Mr. Mockbee has submitted copies of his mail logs to show that on February 25, 2020, Michelle Woodland initialed that outgoing mail was sent to this address. Dkt. 19-1 at 12. This was within 15 days from the time Mr. Mockbee's first-level appeal was denied. Further, Mr. Mockbee submitted an IDOC request for interview form dated February 13, 2020—after his first-level appeal was denied but prior to the date on his mail log—to Michelle Woodland inquiring about receipt of his appeals in several case numbers including BTC 20-01-0219. *Id.* at 13. Ms. Woodland respond that she "put them in the mail for them down front in admin that day." *Id.*

Mr. Mockbee also submitted his financial transaction record from February 27, 2020 through March 4, 2020 to show several charges for postage and copies, supporting his claim that he did place items in the outgoing mail. *Id.* at 35.

The respondent has not challenged Mr. Mockbee's explanation relating to the second-level appeal or otherwise demonstrated that Mr. Mockbee did not exhaust his administrative remedies. It is the state's burden to show that a petitioner failed to exhaust state remedies. *Grigsby v. Cotton*, 456 F.3d 727, 732 (7th Cir. 2006); *see also Boykins v. Zatecky*, No. 117-CV-04437-SEB-DLP, 2018 WL 3054625, at *2 (S.D. Ind. June 18, 2018) ("Failure to exhaust administrative remedies is an affirmative defense meaning that the respondent bears the burden of proving that [the petitioner] failed to exhaust this issue in his administrative appeals."); *White v. Van Wolvelaere*, No. 09-CV-478-DRH-DGW, 2012 WL 4088747, at *2 (S.D. Ill. Sept. 17, 2012) ("The burden is upon the respondent to show that the petitioner has procedurally defaulted his claims."). Here, the respondent has not met that burden.

## IV. Conclusion and Further Proceedings

Accordingly, the respondent's motion to dismiss, dkt. [12], is **denied.** The respondent shall have **fourteen days from the date of this Order**, to respond to the merits of the arguments raised in Mr. Mockbee's petition consistent with the Court's order to show cause at docket 3.

**SO ORDERED.**

Date: 3/30/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

BRANDON MOCKBEE
262691
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov