UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRANDON MOCKBEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00207-JPH-DLP |
| | ) | |
| KATHY ALVOY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON PETITIONER'S PENDING MOTIONS**

Brandon Mockbee filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding, BTC 20-01-0219, under 28 U.S.C. § 2254. Dkt. 1. Briefing is complete. However, Mr. Mockbee has filed several motions seeking discovery and an extension of time to file a reply. Dkts. 33, 35, 36. The Court will address each motion, in turn.

**I. Motion for Disclosure of Evidence Dkt. [33]**

Mr. Mockbee seeks to "inspect and copy or photograph" several items "within the possession, custody or control of the state[.]" Dkt. 33. He refers to video evidence and various exhibits which the respondent filed with its return to order to show cause. *Id.* Mr. Mockbee then lists various categories of discovery requests including, for example, written or recorded statements, recorded videos and evidence in control of the investigations and intelligence officers, and written lists of names and emails of all witnesses, among other requests. *Id.*

The Court reminded Mr. Mockbee earlier in his action that "[d]iscovery in habeas corpus actions is extremely limited." *See Glascoe v. Bezy*, 421 F.3d 543, 549 (7th Cir. 2005). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Bramley*, 520 U.S. 899, 904 (1997). Rather, Rule 6(a) of the Rules Governing § 2254 Cases allows habeas corpus petitioners to conduct civil discovery "if, and to the

1

extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Id.* "Good cause" means that the petitioner must make specific factual allegations that demonstrate that there is good reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *Id.* at 908–09.

The Court has a limited role in a habeas action. In the context of evidence supporting a disciplinary conviction, the Court's review is confined to the record before the disciplinary hearing officer. Simply put, the Court cannot reweigh that evidence or consider whether other evidence is contradictory. *See Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985). "The 'some evidence' standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted). "Determining whether this standard has been met turns on whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* When the Court considers whether the petitioner was deprived of evidence in the disciplinary proceeding, the inquiry extends only to material exculpatory evidence. *See, e.g., Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Mr. Mockbee seeks broad discovery that is unnecessary and exceeds the Court's limited review of his disciplinary conviction. Mr. Mockbee already has access to the exhibits referenced in his motion, as these have been filed with the respondent's return. To the extent Mr. Mockbee requests access to the video evidence, sealed exhibit H, the Court will review this exhibit *ex parte* before ruling on Mr. Mockbee's petition. To the extent Mr. Mockbee alleges he was denied material, exculpatory evidence in the disciplinary proceeding, the Court will address those claims in ruling on the petition and based on the record before the hearing officer. His remaining requests

do not make specific factual allegations demonstrating good reason to believe that discovery will yield evidence entitling him to relief. *Bracy*, 520 U.S. at 908–09.

Mr. Mockbee has not shown good cause for supplementing the record through discovery. His motion for disclosure of evidence, dkt. [33], is **denied.**

## II. Motion for Department of Corrections Progress Report Dkt. [35]

Mr. Mockbee moves the Court to order the Warden of New Castle Correctional Facility to prepare a progress report detailing his conduct since January 12, 2017. Dkt. 35. Mr. Mockbee states that he "has had a great period of time that conduct would actually show that through the progress report this [C]ourt could identify what took place by the record." *Id.* The Court cannot reweigh the evidence that was before the hearing officer, and additional evidence of unrelated conduct would not be relevant to the question of whether Mr. Mockbee received due process in his disciplinary proceeding. Thus, Mr. Mockbee's motion, dkt. [35], is **denied**.

## III. Motion for Extension of Time to File Reply Dkt. [36]

Mr. Mockbee filed a motion for extension of time to file his reply on May 5, 2021. Dkt. 36. He then filed his reply on May 21, 2021. The Court **accepts** Mr. Mockbee's reply as timely and will consider it in ruling on his petition. Thus, his motion, dkt. [36], is **denied as moot**.

## IV. Conclusion

Mr. Mockbee's motion for disclosure of evidence, dkt. [33], is **denied** as discussed in Part I above. Mr. Mockbee's motion for a department of corrections progress report, dkt. [35], is **denied** consistent with Part II. His motion for extension of time, dkt. [36], is **denied as moot**.

Mr. Mockbee has now filed his reply, and the briefing in this matter is complete. The Court anticipates no supplemental briefing or expansion of the record and will rule on the petition in due course.

**SO ORDERED.**

Date: 6/30/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON MOCKBEE
262691
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov